```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

HAROLD BUFORD-CLARK,          }
                              }
     Plaintiff,               }
                              }    CIVIL ACTION NO.
v.                            }
                              }    2:14-CV-2108-WMA
BIRMINGHAM BOARD OF           }
EDUCATION,                    }
                              }
     Defendant.               }
```

### MEMORANDUM OPINION

This action is before the court on a motion to dismiss filed by defendant Birmingham Board of Education ("the Board") on December 3, 2014 (Doc. 3). Plaintiff Harold Buford-Clark instituted the action *pro se*, alleging violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973. This court has jurisdiction under 28 U.S.C. § 1331. For the reasons stated below, the Board's motion to dismiss will be granted, but Buford-Clark will be granted leave to amend the complaint.

### BACKGROUND[1]

Buford-Clark has been employed as a teacher for the Board since 1996. (Doc. 1 at 2-3, ¶ 5). He suffers from several disorders, including a seizure disorder, meningioma, and idiopathic hypersomnia. (Doc. 1 at 3, ¶ 6). He has had a shunt placed in his brain. (Doc. 1 at 3, ¶ 6).

---

[1] Because of the standard of review for motions brought under Fed. R. Civ. P. 12(b)(6), all facts alleged by Buford-Clark are accepted as true.

1

On August 16, 2013, Buford-Clark was called to a meeting with school officials. (Doc. 1 at 3, ¶ 9). The officials examined his medical records and questioned him about his conditions. (Doc. 1 at 3, ¶ 9). One of the officials indicated to Buford-Clark that his medical conditions diminished his chances of promotion and insinuated that the conditions adversely affected his job performance. (Doc. 1 at 3-4, ¶ 10). Buford-Clark denied that his conditions caused him any difficulty in discharging his duties. (Doc. 1 at 4, ¶ 10).

After the meeting, school officials "began to subject [Buford-Clark] to increased scrutiny and wrote him up twice for minor job infractions." (Doc. 1 at 4, ¶ 11). Officials also watched him teach and critiqued him in front of his students, which exacerbated his medical conditions. (Doc. 1 at 4, ¶ 11).[2]

Buford-Clark filed a charge of discrimination with the EEOC on February 25, 2014. (Doc. 3-1). He received notice of his right to sue from the EEOC and filed this suit on October 30, 2014, within 90 days of his receipt of the notice. (Doc. 1 at 2, ¶ 4). The Board filed its motion to dismiss on December 3, 2014. (Doc. 3).

---

[2] Buford-Clark does not allege his current employment status with the Board in his complaint. From his charge of discrimination filed with the EEOC, it appears that he suffered a traumatic episode at the school on August 30, 2013, requiring him to be rushed to a hospital. He was placed on short-term disability and, at the time of the charge, had not returned to work. (Doc. 3-1 at 2).

## DISCUSSION

### A. Standard of Review

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "'accep[t] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff.'" *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). A complaint must, however, "state a claim to relief that is plausible on its face" to survive such a motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has identified two working principles for district courts to follow in ruling on motions to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**B. Discrimination vs. Hostile Work Environment and Exhaustion of Administrative Remedies**

In its motion to dismiss, the Board argues that Buford-Clark's ADA claim,[3] while purportedly alleging "disability discrimination," (Doc. 1 at 1), actually functions as a hostile work environment claim because Buford-Clark does not allege the necessary facts to establish a claim for disability discrimination. This contention is incorrect. The complaint begins by saying, "This is an action alleging disability discrimination." (Doc. 1 at 1). The phrase "hostile work environment" does not appear anywhere in the complaint. Further, Buford-Clark lists in his complaint each of the elements required to establish a *prima facie* case of disability discrimination, while the elements of a hostile work environment claim are missing. Because "the plaintiff" — not the defendant — "is the master of the complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987), this court will not construe the complaint to assert a hostile work environment claim when it plainly claims disability discrimination.

The Board also contends that Buford-Clark's claims are barred for a failure to exhaust his administrative remedies, unless his claim is for a hostile work environment. In support, the Board cites Buford-Clark's EEOC charge of discrimination, which alleges

---

[3] Because "[d]iscrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases," *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000), the court will discuss the claims together and refer to them as ADA claims.

4

that he was "subjected to harassment and a hostile work environment because of [his] disability." (Doc. 3-1 at 2).

As in Title VII cases, an ADA plaintiff must file a charge of discrimination with the EEOC before bringing suit. 42 U.S.C. § 12117 (2012); *see also Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). A complaint "'is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)). "[A]llegations of new acts of discrimination are inappropriate," but claims are allowed "if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." *Id.* at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

This court finds that Buford-Clark adequately exhausted his administrative remedies. While he did not affirmatively state in the EEOC charge that his claim is for discrimination under the ADA, such a claim could reasonably grow out of a charge for harassment and a hostile work environment under the ADA. After all, the same conduct — discrimination because of a disability — is at issue. The charge adequately notified the EEOC of the alleged discriminatory acts and gave the EEOC "'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation

efforts.'" *Id.* at 1279 (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). Because the charge thus served its function, Buford-Clark adequately exhausted his available administrative remedies.

**C. Buford-Clark's *Prima Facie* Case under the ADA**

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2012). Therefore, "[i]n order to establish a *prima facie* case of discrimination under the ADA, the plaintiff must show that: (1) he is disabled; (2) he was a 'qualified individual' at the relevant time . . . and (3) he was discriminated against because of his disability." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). The Board contends that Buford-Clark fails to allege with sufficient specificity any of the required elements. Each will be discussed in turn.

**1. Disability**

First, the Board argues that Buford-Clark has not alleged sufficient facts to state a plausible case that he is disabled. Disability is defined under the ADA as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or

(C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (2012). Buford-Clark states that he is disabled, has a history of disability, and is perceived as having a disability. Under *Twombly* and *Iqbal*, however, these are mere ultimate conclusions due to be ignored; the court is instead concerned with whether Buford-Clark's factual allegations plausibly show that he is disabled under the statute.

Buford-Clark alleges that he "suffers from a seizure disorder and has a CNS shunt. He also has a history of meningioma and idiopathic hypersomnia." (Doc. 1 at 3. ¶ 6). While these conditions certainly qualify as impairments, a person is not disabled under § 12102 unless the impairments substantially limit a major life activity. Buford-Clark does not allege how any major life activity is limited by his conditions; by simply listing his impairments, he neither identifies an affected major life activity nor alleges how his conditions affect his ability to perform such activities. Buford-Clark has thus failed to plausibly allege that he is disabled under § 12102(1)(A). *See Cash v. Smith*, 231 F.3d 1301, 1305-06 (11th Cir. 2000) (finding the plaintiff's "fail[ure] to specify a major life activity in which she is substantially impaired" fatal to her ADA claim). Neither has he alleged any facts to show that he has a record of disability under § 12102(1)(B).

Buford-Clark also contends that he is regarded as disabled under § 12102(1)(C). As part of the ADA Amendments Act of 2008,

7

Pub. L. No. 110-325, 122 Stat. 3555, Congress made it "significantly easier for plaintiffs to bring 'regarded as' disabled claims." *E.E.O.C. v. American Tool & Mold, Inc.*, 21 F. Supp. 3d 1268, 1275 (M.D. Fla. 2014). Under the new definition:

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A) (2012). The inquiry, formerly concerned with whether the defendant believed that the plaintiff had an impairment affecting a major life activity, *see E.E.O.C.*, 21 F. Supp. 3d at 1275 n.2, now only asks whether the defendant took a prohibited action (i.e. discrimination against the plaintiff) because of a perceived impairment. In his complaint, Buford-Clark alleges that school officials told him that they believed his conditions "caused him difficulty in doing his job" and impeded his promotion. (Doc. 1 at 3-4, ¶ 10). Buford-Clark has sufficiently alleged that the Board took action against him because it regarded him as disabled. Whether this action was "prohibited" is better left for the discrimination prong of the *prima facie* case.

**2. Qualified Individual**

The Board also argues that Buford-Clark fails to allege facts to establish that he is a qualified individual under the statute. A person is "qualified" under the ADA if he is able to, "with or

without reasonable accommodation, . . . perform the essential functions of [his] employment position." 42 U.S.C. § 12111(8) (2012). The Board claims that Buford-Clark alleges no facts that would show that he is qualified, but this is a misconstruction of the allegations. Buford-Clark alleges that he has worked as a teacher since 1996 and denies that his conditions cause him any difficulty performing his job. (Doc. 1 at 2-4, ¶¶ 5, 10). In *Rieve v. E-Z Serve Convenience Stores, Inc.*, No. CA 00-358-P-C, 2000 WL 1566516, *4 (S.D. Ala. Sept. 29, 2000), the court found the plaintiff's allegation that she was a qualified individual sufficient because she averred that she was "capable of returning to work and performing the essential functions of her job." Similarly, in *Puckett v. Board of Trustees*, 17 F. Supp. 3d 1339, 1343 (N.D. Ga. 2014), the plaintiff alleged that he could work 40 hours per week and had performed his duties well for years prior to his termination; the court found this acceptable as well. Like the plaintiffs in these cases, Buford-Clark's allegations that he has been a teacher for 17 years and is capable of doing his job are sufficient allegations that he is able to perform the essential functions of his position.

### 3. Discrimination

Finally, the Board contends that Buford-Clark has not plausibly alleged that the Board discriminated against him because of his disability. Employers are prohibited from discriminating on

the basis of disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2012). § 12112(b) contains a non-exhaustive list of actions deemed to be discriminatory. Buford-Clark alleges that the Board discriminated against him in some of the listed ways, but he does so in conclusory fashion without alleging any facts to support these claims. For aught appearing in the complaint Buford-Clark is still employed.

Buford-Clark alleges discrimination outside of the § 12112(b) list. The Eleventh Circuit has found such discrimination to be actionable if it constitutes an adverse employment action, looking to Title VII case law to define the standard. *See Doe v. Dekalb Cnty. Sch. Dist.*, 145 F.3d 1441, 1448 (11th Cir. 1998). Action taken by an employer is adverse, and thus discriminatory under the ADA, if the action effects "a serious and material change in the terms, conditions, or privileges of employment." *Davis v. Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis omitted). "[N]ot 'every unkind act' amounts to an adverse employment action," *Doe*, 145 F.3d at 1449 (quoting *Wu*, 996 F.2d at 273 n.3), nor does "'everything that makes an employee unhappy.'" *Id.* (quoting *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996)). "An employment action is considered 'adverse' only if it

results in some tangible, negative effect on the plaintiff's employment." *Lucas*, 257 F.3d at 1261.

Buford-Clark essentially alleges three actions taken by the Board to be adverse. The first is that the Board subjected him to increased scrutiny because of his disability. Specifically, Buford-Clark alleges that school officials harassed him by "watching him teach and critiquing him in front of students." (Doc. 1 at 4, ¶ 11). This scrutiny, however, does not rise to the level of an adverse employment action because it, although abusive, was unaccompanied by formal disciplinary action or any other tangible consequences. This court and others within this circuit have uniformly held that heightened scrutiny, without "evidence that any disciplinary action was taken against [the plaintiff] or that he was subjected to any tangible consequence," does not constitute an adverse employment action. *See, e.g.*, *Perkins v. Kushla Water Dist.*, 21 F. Supp. 3d 1250, 1262 (S.D. Ala. 2014); *Watson v. Dean Dairy Holdings LLC*, No. 2:12-CV-972-RDP, 2014 WL 1155799, *9 (N.D. Ala. Mar. 21, 2014); *Little v. Peach Cnty. Sch. Dist.*, No. 5:07-CV-101(CAR), 2009 WL 198003, *11 (M.D. Ga. Jan. 27, 2009). Because Buford-Clark has not alleged that he suffered any tangible consequences as a result of the heightened scrutiny, it does not constitute an adverse employment action.

The same holds true for Buford-Clark's two written reprimands for minor job infractions. The Eleventh Circuit, addressing this

precise issue, held that "[t]he reprimand of an employee does not constitute an adverse employment action when the employee suffers no tangible harm as a result." *Summerlin v. M&H Valve Co.*, 167 Fed. App'x 93, 97 (11th Cir. 2006); *see also Lucas*, 257 F.3d at 1261 ("Negative performance evaluations, standing alone, do not constitute adverse employment action."). Buford-Clark's two write-ups, then, do not qualify as adverse employment actions.

Finally, Buford-Clark alleges that school officials told him that "his medical conditions were an impediment to him receiving better positions." (Doc. 1 at 3, ¶ 10). While a failure to promote may constitute an adverse employment action, Buford-Clark must allege that he was qualified for and applied for an actual position and did not receive it because of a disability or perceived disability. Discrimination in the abstract is not enough. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004) (listing qualification and application for a position as an element of a failure-to-promote *prima facie* case). Because Buford-Clark alleged no facts regarding an actual promotion that the Board denied him, this allegation does not constitute an adverse employment action. He has thus failed to establish a *prima facie* case of discrimination.

## CONCLUSION

For the reasons stated above, the Board's motion to dismiss will be granted, but with leave to amend. A separate order will be

entered.

DONE this 16th day of January, 2015.

                                             _____
                                             WILLIAM M. ACKER, JR.
                                             UNITED STATES DISTRICT JUDGE